UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, also known as Presidential Candidate Number P60005535, also known as Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897, doing business as United Emrits of America,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNOR WES MOORE, (D-MARYLAND); AISHA BRAVEBOY, (PRINCE GEORGE'S COUNTY EXECUTIVE); CONGRESSMAN JAMIE RASKIN, (D-MARYLAND); SENATOR ANGELA ALSOBROOKS, (D-MARYLAND); SENATOR CHRIS VAN HOLLEN, (D-MARYLAND); AND ATTORNEY GENERAL ANTHONY BROWN, MARYLAND,<br><br>Defendants. | 3:25-CV-03014-ECS<br><br><br>OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff Ronald Satish Emrit filed a pro se lawsuit seeking $250,000 against "The Maryland Defendants" for negligence, intentional infliction of emotional distress, tortious interference with business relations/contracts, tortious interference with family relations, civil rights violations, and violations of constitutional law. Doc. 1. Emrit also filed a motion for leave to proceed in forma pauperis. Docs. 2, 14.

## I.    Motion for Leave to Proceed In Forma Pauperis

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). "An *in forma pauperis* litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983).

Emrit has filed eight other cases in the District of South Dakota. See Emrit v. Krebs, No. 1:17-CV-01027-CBK (D.S.D. Oct. 12, 2017); Emrit v. The Grammys Awards on CBS, No. 1:24-CV-01001-CCT (D.S.D. Jan. 10, 2024); Emrit v. Jules, No. 3:23-CV-03013-RAL (D.S.D. July 11, 2023); Emrit v. Musk, No. 3:25-CV-03001-RAL (D.S.D. Jan. 10, 2025); Emrit v. Moore, No. 3:25-CV-03014-ECS (D.S.D. July 10, 2025); Emrit v. U.S. Pat. & Trademark Off., No. 3:25-CV-03016-KES (D.S.D. July 10, 2025); Emrit v. Obama, No. 3:26-CV-03010-CCT (D.S.D. Mar. 9, 2026); Emrit v. Walz, No. 3:26-CV-03011-ECS (D.S.D. Mar. 16, 2026). In each case that he has filed in the District of South Dakota, Emrit has moved for leave to proceed in forma pauperis. Six of his previous cases were dismissed on screening. See The Grammys Awards, No. 1:24-CV-01001-CCT at Doc. 5; Jules, No. 3:23-CV-03013-RAL at Doc. 5 at 8 & n.3 (dismissing complaint on screening and recognizing that Emrit had filed separate lawsuits in 15 other districts alleging the same or substantially similar issues); Musk, No. 3:25-CV-03001-RAL at Doc. 13 at 8 & n.2 (dismissing complaint as frivolous and stating that Emrit had filed over a

2

dozen similar lawsuits in other districts alleging the same or substantially similar allegations); Krebs, No. 1:17-CV-1027-CBK at Doc. 19 at 3 (dismissing complaint as patently frivolous and noting that Emrit had filed identical claims in a number of other districts against Secretaries of State and Democratic state parties); U.S. Pat. & Trademark Off., No. 3:25-CV-03016 at Doc. 16 at 5–7 (dismissing Emrit's complaint as frivolous and for failing to state a claim upon which relief may be granted and noting that Emrit had filed identical complaints is at least 22 other districts); Thune, No. 3:25-CV-03015-RAL at Doc. 16 at 10, 11–12 (dismissing Emrit's complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and noting that Emrit had filed identical complaints in at least 2 other districts). Emrit's motions to proceed in forma pauperis remain pending in this case and two other cases in the District of South Dakota, but a Public Access to Court Electronic Records (PACER) search reveals that Emrit has filed lawsuits in other districts alleging the same or substantially similar claims as those in each of his remaining pending cases in the District of South Dakota.

"Ronald Satish Emrit, who sometimes styles himself as 'Presidential Candidate Number P60005535,' is a prolific serial filer who has initiated hundreds of federal lawsuits in district courts across the United States[.]" Presidential Candidate Number P60005535 v. U.S. Pat. & Trademark Off., No. 25-CV-721-DWD, 2025 WL 3525455, at *1 (S.D. Ill. Dec. 9, 2025). "The overwhelming majority of these actions have been dismissed *sua sponte* upon § 1915(e)(2) screening as frivolous, for lack of subject-matter jurisdiction, for improper venue, or for failure to state a claim." Id.; see also Emrit v. Snoop Doggy Dogg, No. 3:26-CV-00007, 2026 WL 1021642, at *2 (D. Alaska Apr. 15, 2026) (stating that a search of Emrit's name in the federal judiciary's Public Access to Court Electronic Records (PACER) on March 19, 2026, produced 1,211 results); Emrit v. Prince George's Cnty. Police Dep't, No. CV 25-249, 2025 WL 2345179,

3

at *2 (W.D. Pa. Aug. 13, 2025) (recounting Emrit's "proclivity for initiating frivolous and vexations litigations on various topics in multiple U.S. District Courts throughout the country." (footnote omitted)); Emrit v. Combs, No. 24-CV-0129, 2024 WL 199548, at *5 (E.D. Pa. Jan. 18, 2024) (noting "Emrit's long and disturbing history of abusing the privilege of being granted *in forma pauperis* status in federal courts to pursue frivolous, non-meritorious, and/or repetitive claims for which he has been sanctioned by other courts[]" and "his propensity to file the same case in more than one federal district court."); Emrit v. Combs, No. 1:24-CV-129, 2024 WL 1115450, at *1 (W.D. Mich. Mar. 14, 2024) (stating that Emrit has filed "hundreds of frivolous legal actions" over the last ten years); Emrit v. Cent. Intel. Agency, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D. W. Va. Apr. 1, 2022) ("A well-documented 'serial *pro se* filer' since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii[]" and has been "deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country." (citation modified)), report and recommendation adopted by 2022 WL 1573175 (N.D. W. Va. May 18, 2022).

Courts have "a duty to deny *in forma pauperis* status to those individuals who have abused the system." In re Sindram, 498 U.S. 177, 180 (1991) (per curiam). Because of Emrit's vexatious and abusive litigation tactics in this district and throughout districts across the United States, this Court has discretion to deny his motion to proceed in forma pauperis even though it appears that he lacks sufficient funds to pay the $405 civil filing fee. See Docs. 2, 14. Judge Schreier recently entered an order directing Emrit to show cause why he should not be enjoined from filing any new lawsuits in the District of South Dakota unless he first obtains court approval, and Emrit's time for responding to the order to show cause has not yet expired. U.S.

Pat. & Trademark Off., No. 3:25-CV-03016 at Doc. 16 at 12. Because Emrit's time to respond to the order to show cause has not expired, this Court will grant Emrit's motion for leave to proceed in forma pauperis, Doc. 2, and screen his complaint under 28 U.S.C. §1915(e)(2).

## II.    1915 Screening

### A.    Factual Background

Emrit alleges that he is an indigent, disabled, and unemployed resident of Florida and Maryland. Doc. 1 at 3, ¶ 7. In this action, he brings claims against Maryland Governor Wes Moore; Aisha Braveboy, the County Executive of Prince George's County, Maryland; Congressman Jamie Raskin; and United States Senators Angela Alsobrooks and Chris Van Hollen. Id. at 3, ¶¶ 8–12. In the caption of his complaint, Emrit identifies Maryland Attorney General Anthony Brown as a defendant, but Attorney General Brown is not mentioned in the body of Emrit's complaint. See generally id.

Emrit's complaint references his past litigation against housing authorities in Florida, Nevada, Arizona, and Texas as well as the United States Attorneys in Pennsylvania and Oregon. Id. at 5–6, ¶¶ 20–26. "After about ten years of trying to obtain a Section 8 Housing VOucher [sic] . . ., [Emrit] still has not been able to obtain a Section 8 Housing Voucher even though he has been diagnosed with bipolar/schizoaffective disorder by . . . over 30 psychiatrists at behavioral institutions in the states of Maryland, Minnesota, Iowa, Texas, Nevada, California, and Florida[.]" Id. at 6, ¶ 27.

Emrit alleges that "defendants are negligent for not providing him with a Section 8 Housing Voucher (HCV)[.]" Id. at 2, ¶ 1 (emphasis in original omitted). He also alleges that defendants "are negligent for not providing [him] with enough or adequate EBT/SNAP benefits referred to as food stamps[.]" Id. at 3, ¶ 5. Finally, Emrit contends that defendants are

5

"negligent for not helping [him] get a position of employment as a disabled professor of entertainment law[.]" Id. at 3, ¶ 6.

In count 1, Emrit alleges "defendants have been particularly negligent in protecting valuable programs such as Medicaid and Medicare from the 'Crazy MAGA Republicans' in Congress[.]" Id. at 6, ¶ 28. In count 2, Emrit alleges that defendants are liable for tortious interference with business relations because they have not offered him a position at any Maryland college or university as a professor of entertainment law. Id. at 6, ¶ 29. The remaining counts of Emrit's complaint arise out of defendants' alleged refusal to provide Emrit a Section 8 housing voucher. Id. at 7–8, ¶¶ 31–35. Emrit alleges defendants are liable for tortious interference with family relations, intentional infliction of emotional distress, violation of the Equal Protection Clause, violation of the Due Process Clause, and violation of the Privileges and Immunities Clause by not providing him with a Section 8 housing voucher based off the Fair Housing Act and Americans with Disabilities Act. Id.

In his "Prayer for Relief," Emrit seeks punitive, compensatory, and treble damages of $250,000 against each defendant. Id. at 8. He also seeks an injunction mandating that "The Maryland Defendants" provide him a Section 8 housing voucher. Id. He also seeks an injunction mandating that defendants provide him with EBT/SNAP benefits and help him obtain a job as a disabled professor of entertainment law at the University of Virginia or any college or university in Maryland. Id. at 9.

**B.    Legal Standard**

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under § 1915(a), the court must then determine whether the complaint should be dismissed under § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982)

6

(per curiam); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam) (citations omitted).

A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988) (citing Bramlet v. Wilson, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. See Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985) (citation omitted). Twombly requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

7

allegations in the complaint are true[.]" 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a complaint "must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing Twombly, 550 U.S. at 553–63)). Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." Braden v. Wal–Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks removed) (quoting Twombly, 550 U.S. at 556).

C.    **Legal Analysis**

The court takes judicial notice that Emrit has filed an identical or substantially similar complaint, along with a motion for leave to proceed in forma pauperis, in at least nine other districts.[1] No court has found that Emrit's complaint survived 1915 screening and ordered service by the USMS under Federal Rule of Civil Procedure 4(c)(3). Courts have consistently found that the complaints lack any arguable basis either in law or in fact and dismissed the complaints as frivolous, for failure to state a cognizable claim, and/or for lack of proper venue.

---

[1] Emrit v. Moore, No. 25-13293 (JXN/MAH), Doc. 1 (complaint), Doc. 1-2 (IFP motion) (D.N.J. July 14, 2025); Emrit v. Moore, No. 8:25-CV-02185-PX, Doc. 1 (complaint), Doc. 2 (IFP motion) (D. Md. July 7, 2025); Presidential Candidate No. P60005535 v. Moore, No. 3:25-10430-DCC, Doc. 1 (complaint), Doc. 3 (IFP motion) (D.S.C. Aug. 11, 2025); Emrit v. Moore, No. 1:25-CV-01268-JKM, Doc. 1 (complaint), Doc. 2 (IFP motion) (M.D. Pa. July 11, 2025); Presidential Candidate No. P60005535 v. Moore, No. 1:25-CV-00157-JRH-BKE, Doc. 1 (complaint), Doc. 2 (IFP motion) (S.D. Ga. July 15, 2025); Presidential Candidate No. P60005535 v. Moore, No. 1:25-CV-00407-MJT-ZJH, Doc. 1 (complaint), Doc. 2 (IFP motion) (E.D. Tex. Aug. 11, 2025); Emrit v. Moore, No. 5:25-CV-00401-D-KS, Doc. 1 (complaint), Doc. 2 (IFP motion) (E.D.N.C. July 7, 2025); Emrit v. Moore, No. 1:25-CV-00572-TDS-LPA, Doc. 2 (complaint), Doc. 1 (IFP motion) (M.D.N.C. July 8, 2025); Emrit v. Moore, No. 1:25-CV-164, Doc. 4 (proposed complaint), Doc. 1 (IFP motion) (D.N.D. July 9, 2025).

Emrit v. Moore, No. 25-13293 (JXN/MAH), 2026 WL 1045879, at *3 (D.N.J. Apr. 17, 2026) (collecting cases).  This Court agrees that Emrit's claims lack merit and are frivolous.

Further, venue is not proper in the District of South Dakota.  See 28 U.S.C. § 1391(b).  None of the named defendants reside in South Dakota.  See generally Doc. 1.  Emrit alleges that he resides in Florida and Maryland.  Id. at 3, ¶ 7.  None of Emrit's allegations suggest that any part of the events or omissions giving rise to his claims occurred in South Dakota.  See generally id.

Finally, dismissal of Emrit's complaint is proper because it is duplicative of complaints filed in other jurisdictions.  See Carter v. Schafer, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) (affirming dismissal of plaintiff's claims when plaintiff had filed at least thirty separate complaints raising the same or similar issues).  "Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time."  Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001); see also Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) ("As a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." (internal quotation omitted)).

For these reasons, Emrit's complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) as frivolous and for failing to state a claim on which relief may be granted.

## III.    Order

Accordingly, it is

ORDERED that Emrit's initial motion for leave to proceed in forma pauperis, Doc. 2, is granted.  It is further

9

ORDERED that Emrit's second motion for leave to proceed in forma pauperis, Doc. 14, is denied as moot. It is finally

ORDERED that Emrit's complaint is dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

DATED this 15th day of May, 2026.

BY THE COURT:

ERIC C. SCHULTE
UNITED STATES DISTRICT JUDGE

10